Pascasio Fajardo Martínez, Petitioner, v. Examining Board for the Registrar of Property of Mayagüez, etc., Respondents.

No. 330.—Argued July 11, 1939.—Decided July 29, 1939.

Pascasio Fajardo Martínez, pro se. Augusto Malaret, R. B. Pérez Mercado, F. Fernández Cuyar, Leopoldo Feliú and Rafael Martínez Alvarez, pro se.

MR. JUSTICE WOLF delivered the opinion of the Court.

Section 2 of an Act assigning salaries to the registrars of property, and for other purposes, (Comp. Stat. Sec. 2140) provides:

"All existing vacancies, as well as all vacancies that may occur in the future, in all registries of property of Porto Rico, shall be filled by appointing a registrar from among those applying therefor within the term of fifteen days following the date of the advertisement published by the Attorney General calling for applications, and in all cases where in the judgment of the Governor the qualifications of two or more of said applicants are equal, preference shall be given to the registrar of property applying for the office who has served the greatest number of years, and in case of there being two or more who have served the same number of years as registrars, the Governor shall be at liberty to appoint any one of them. All appointments to offices of registrars not applied for in the aforesaid manner shall be made by competitive examination held before a commission of five lawyers to be appointed by the Supreme Court, one member of which commission must necessarily be a registrar of property; *Provided,* That said commission shall draw up a list of persons competing, to be classified in the order of competency shown at the examination.

"The Governor shall, in every case, make all appointments with the advise and consent of the Executive Council."

By reason of a vacancy in the Registry of Property of Mayagüez, such a commission was appointed and acted on the 4th of November of 1938. There were six applicants for the position and Pascasio Fajardo Martínez, petitioner in this case, was one of them. Instead of sending three names *(terna)* to the Governor of Puerto Rico for his action, the commission only certified to him a single name. When this name was presented to the Senate the nomination was not confirmed.

On June 26, 1939, Pascasio Fajardo Martínez asked this Court to issue a writ of *mandamus,* in essence, to compel the commission appointed to do what the law nominally says, namely, to certify to the Governor three names *(terna).*

There is no doubt that the Commission did not send three names. This court issued an alternative writ of *mandamus*. The respondents, R. B. Pérez Mercado, Leopoldo Felíu, F. Fernández Cuyar and Rafael Martínez Alvarez, who with Augusto Malaret composed the so-called "Comisión de Oposiciones", filed a motion to quash the writ. The hearing on the writ of *mandamus* and the motion to quash took place on July 11, 1939.

The position of the Commission was more or less as follows: That the Commission made the certification according to the competency (*aptitud*) of the applicants; that, according to the examination given by the Commission, none of the applicants who presented themselves to the Commission showed any aptitude, except the one who was certified to the Governor; that both the letter and the spirit of the law require that to make up a *"terna"* all the persons named in it should have the competency mentioned in the act.

Another position taken by the Commission was that even if the Commission had been bound to certify up three names, Pascasio Fajardo Martínez would not have been one of the three. In other words, the Commission maintains that the petitioner failed to show, as he should have done, that he would have fallen within the three names that the law requires the Commission to certify.

The petitioner insists upon the letter of the law and maintains that any lawyer who has passed the bar examination of this Court is capable of performing the duties of a registrar. The commission, on the other hand, takes up the case historically and shows that in Spanish times, under the practice there existing, the examination for registrars of property was a stringent one and that the applicants for the position of registrar had to show a certain capacity which we take it would answer the argument that any lawyer would be in condition to perform the duties of a registrar.

The respondent also says that the Act of 1904 with its amendment in 1908 did not do away with the practice existing

under the Mortgage Law before its adoption and cites the case of *Jiménez* v. *Brenes*, 10 P.R.R. 124, to the effect that the general law continues to exist until specifically repealed.

We likewise agree that the Commission was not bound to certify up three names *(terna)* unless it was convinced that the persons included in the list were men who had the knowledge which had always been required of registrars of property, and that the said Commission was not bound to include in its list anybody who did not comply with these conditions even though no list *(terna)* could be certified to the Governor.

The writ should be annulled and the petition dismissed.

Mr. Justice Travieso took no part in the decision of this case.